## GONZÁLEZ *v.* ORTIZ.

APELACIÓN procedente de la Corte de Distrito de Ponce.

No. 680.—Resuelto en mayo 9, 1911.

NULIDAD DE CONTRATOS—DEFENSA NO PLANTEADA EN LAS ALEGACIONES.—La nuli-
dad de un contrato no puede ser planteada como materia de defensa cuando
tal nulidad no ha sido consignada en las alegaciones, según la sentencia del
Tribunal Supremo de España de noviembre 26, 1873, y otras sentencias
análogas.
DEFENSAS NO ALEGADAS POR EL DEMANDADO.—Es regla general de procedimiento
que un demandado no puede establecer defensas en el acto del juicio, de las
cuales no tenga conocimiento el demandante.

DEPÓSITO DE DINERO—DERECHOS DEL DEPOSITANTE—SUPUESTA PROCEDENCIA ILÍCITA DEL DINERO.—Cuando una persona recibe una cantidad de dinero y la deposita en poder de otra, aun en el supuesto alegado de que el dinero procede y tal vez haya procedido de una transacción ilícita con una tercera persona, el depositante tiene legítimo derecho a dicha cantidad de dinero contra todo el mundo excepto la persona defraudada, y la máxima *in pari delicto potior est conditio defendentis* no es aplicable a este caso.

ID.—CAUSA DE ACCIÓN DEL DEPOSITANTE.—Cuando una persona deposita una cantidad de dinero en poder de otra, tiene causa de acción para que se le restituya dicha cantidad, sin que sea óbice el que se haya alegado en el acto del juicio, que dicho dinero fué obtenido con fraude, de un tercero.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Luis Llorens Torres.*

Abogado del apelado: *Sr. Felipe Casalduc.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

La presente es una apelación interpuesta por Ramón Ortiz Quintana, contra sentencia dictada por la Corte de Distrito de Ponce. El municipio de Ponce adjudicó al apelado Guillermo Gonzalo González, un contrato para la construcción de un trozo del camino que conduce de dicha ciudad al barrio de "Los Pampanos." Como pago parcial, se le entregó un cheque, pagadero a su orden, por la suma de $740.28. Por razones que él mismo sabe mejor que nadie, depositó dicho cheque en manos del apelante Ramón Ortiz Quintana, quien pidió al apelado endosase el cheque, y subsecuentemente obtuvo el importe del mismo. Cuando el apelado trató de conseguir del apelante Ortiz, el montante del referido cheque, dicho apelante se negó a pagarle cantidad alguna, diciendo que el importe del cheque le pertenecía a él.

Al contestar la demanda en la corte inferior, el apelante expuso que el apelado le debía $750 como saldo de las cuentas que tenía con él. En el juicio se vino en conocimiento de que el apelante y el apelado estaban secretamente asociados en la ejecución de los trabajos, para los cuales González había obtenido el contrato. El apelante no probó en manera alguna que González le adeudara la suma de $750, ni ninguna otra cantidad. Sin embargo al terminarse la prueba solicitó del tribunal el sobreseimiento del caso, alegando que él,

Ortiz, era concejal del ayuntamiento, y que, por consiguiente, el contrato celebrado por González con el municipio, estaba mancillado de fraude, y que, por lo tanto, el dicho González no tenía derecho a recobrar nada del citado apelante. La corte desestimó la moción, fundándose en que no se había hecho esta alegación, como defensa, en la contestación de dicho Ortiz. En el tribunal inferior, el apelante estableció la defensa, alegando que el demandante se había equivocado en cuanto a su causa de acción, al entablar demanda en reclamación de un "depósito" cuando su verdadera causa de acción, si era que la hubo, era por un saldo de cuentas. Más bien que probarse claramente, se indicó también en el juicio, que el apelante y el apelado esperaban obtener contratos ulteriores con el municipio.

Nosotros creemos que la resolución del tribunal, negándose a considerar la moción para que se sobreseyera el caso estaba enteramente justificada, porque la cuestión sobre nulidad de un contrato, no puede ser resuelta en un caso en que no ha sido planteada por las alegaciones.

Sentencias del Tribunal Supremo de España, de 26 de noviembre de 1873, 10 de julio de 1885, 26 de abril de 1861 y 14 de febrero de 1860. Es regla de alegación bien conocida, que no se puede establecer en el juicio, defensa alguna, de la cual no tenga el demandante aviso. (Hughes on Procedure, Vol. 2, pág. 768.) Sin embargo, el apelante alega que el carácter ilícito del contrato solo fué descubierto a consecuencia de la prueba practicada. Pero la cuestión sometida al tribunal, no fué si el contrato celebrado entre el municipio y González, era o nó ilícito; sino, si este último tenía derecho a recobrar de Ortiz, la suma que le había confiado absolutamente, o con la esperanza de que el municipio les adjudicara contratos ulteriores. El contrato que se alega ser ilícito, había sido consumado cuando González entregó el cheque a Ortiz, y la cuestión de que se trata en el presente caso, es si Ortiz tiene la obligación legal de devolver el dinero que en esta forma fué depositado en su manos.

No creemos que sea necesario examinar la cuestión de si quedó demostrada la existencia de algun contrato ilícito; porque, como hemos indicado, cualquiera que fuera el origen de dicho dinero, el derecho que González tenía al mismo, era bueno para todo el mundo, a excepción de alguien que tuviera el derecho de anular el contrato que en el presente caso, es el mismo municipio. En este caso no es aplicable la máxima de *"in pari delicto potior est conditio defendentis,"* porque no hubo fraude en la acción de González de depositar el dinero en manos de Ortiz.

En cuanto a la alegación del apelante, de que el apelado se equivocó con respecto a su causa de acción, basta decir que era suficiente la prueba de que el apelado en efecto había depositado el dinero en manos del apelante.

No encontramos en los autos error alguno, y la sentencia debe ser confirmada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, del Toro y Aldrey.